The defendant was indicted for selling spirituous liquor by a measure less than a quart to one John C. Wilson.
John C. Wilson. — Bought a pint of peppermint cordial of defendant; paid him eight cents for it. It was strong drink; would intoxicate; don't know what cordial is made of.
Robert Polk. — Has been a merchant. The common cordials sold in stores are made of whiskey, sweetened, and scented with peppermint, or other things. It is a mixed liquor to this extent. *Page 566 
 Rogers, for defendant, objected that the proof did not sustain the indictment, which was for selling spirituous liquor, and the proof was of a sale of mixed liquor. The act of assembly, (Dig. 519,) distinguishes between spirituous and mixed liquors, and the indictment must distinguish. Indeed, though the practice has been otherwise, he contended that the rules of criminal pleading required that an indictment should distinguish the precise kind of liquor sold, whether brandy, gin, whiskey or other spirituous liquor, or a mixed liquor.
The act prohibits the sale of "any wine, rum, brandy, gin, whiskey or any spirituous liquor, by any measure less than a quart, or any punch or other mixed liquor by any measure whatever."
The Court divided.
delivered the opinion of a majority of the court, (BOOTH, ChiefJustice dissenting.) — The act not only particularizes several kinds of liquor, but prohibits the sale of any kind of spirituous liquor under general terms. If the act had stopped at an enumeration of wine, rum, brandy, gin, c., an indictment for selling any one of these specifications would not be supported by proof of selling another kind; but the specification being followed by a prohibition of selling any spirituous liquor by a measure less than a quart, it is not necessary, and has not been the practice, to specify in the indictment thekind of spirituous liquor sold.
Then, there being a further prohibition of selling "any punch or other mixed liquor by any measure whatever," the question is made whether cordial, such as that usually sold in the stores, and such as was sold in this case, comes under the description of spirituous liquor, or the mixed liquor intended by the act. We think the mixed liquor intended by that act, following as it does the specification of punch, is a mixture of the spirituous or other liquors before prohibited to be sold separately; and, where the basis or substance of the liquor sold is spirituous and not mixed by the vender, it comes within the previous prohibition of selling spirituous liquor. Otherwise it would be impossible to convict in any case, for no liquor is entirely unmixed. We think the cordial here proved is spirituous liquor, and of a kind intended to be prohibited by the act. If it is to be regarded as a mixed liquor, then the sale of it is entirely prohibited by any measure, and all the shopkeepers who sell liquors have been violating the law by selling cordials, even by the quart.
It has been urged that this construction will prohibit the sale of medicines, the basis of which is spirituous liquor, such as Godfrey's *Page 567 
cordial, Elixer paregoric, c. Not so. The question will always be, whether it is a sale of medicine, or of liquor. If an apothecary sell brandy, as such, it would be a violation of the law; if brandy made up into laudanum or other medicines, it is not a violation of a law prohibiting the sale of spirituous liquor. It will never be difficult to distinguish. Common store cordial is sweetened whiskey, sold as spirituous liquor; Godfrey's cordial is a very different thing, known for, and sold as, medicine; and there can be no danger, from the sale of it, of promoting tippling, which is the evil designed to be provided for by our act of assembly.